# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN OWENS, | : | |
| Plaintiff, | : | |
| v. | : | No. 4:17-CV-1657 |
| T. DELBALSO, *ET AL.*, | : | (Judge Brann) |
| Defendants. | : | |

## MEMORANDUM OPINION

### AUGUST 27, 2018

**I.    BACKGROUND**

Steven Owens, an inmate presently confined at the Mahanoy State Correctional Institution, Frackville, Pennsylvania (SCI-Mahanoy) initiated this *pro se* civil rights action.   Service of the Complaint was previously ordered.

Named as Defendants are SCI-Mahanoy and the following prison employees: Superintendent Theresa DelBalso; Deputy Superintendents Bernadette Mason and Luke Cronauer; Classification and Program Manager Jeanne MacKinight; Psychology Manager Elaine Everding; and seven (7) members of the prison's Psychology Review Team  (PRT) Harry Carodiskey, Anthony Martino, Michelle McGee, Kayla Ressler, Jamie Bechtel, John Muick, and Cheryl Fogarty (hereinafter Corrections Defendants).  Also named as a Defendant is Brian

Shiptoski, CRNP, who is also described as being a member of the SCI-Mahanoy PRT. Shiptoski is represented by separate counsel.

Plaintiff describes himself as being a "mentally impaired" prisoner who suffers from schizophrenia and has had a history of suicide attempts while at SCI-Mahanoy. Doc. 1, p. 2. Owens adds that he has been classified as a "high functioning stability D code inmate" and as such is eligible for placement in the prison's Residential Treatment Unit (RTU) . *Id.,* p. 4, ¶ 17. According to the Complaint, Owens filed an Inmate Disability Accommodation Request on June 19, 2017 which requested placement in the RTU so that he could participate in mental health programming and activities. Following an August 18, 2017 meeting of the SCI-Mahanoy's PRT, Owen's request was denied. Owens contends that as a result of that denial, he was not provided with the same mental health programming and activities offered to other similarly situated inmates and that the alleged failure to receive proper treatment has caused him to receive several negative parole recommendations.

The Complaint further contends that prison officials' denial of his request to be housed in the RTU constitutes retaliation against the Plaintiff for his initiation of grievances and civil actions. Owens adds that the housing request denial also violates his due process and equal protection rights as well as the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA).

Following service of the Complaint, Defendants filed dispostive motions arguing that Plaintiff failed to exhaust his administrative remedies. *See* Docs. 19 & 20. Plaintiff has not opposed either motion. On July 25, 2018, this Court issued an Order in accordance with *Paladino v. Newsome*, 885 F. 3d 203 (3d Cir. 2018) which notified the parties that I will consider exhaustion in its role as a fact finder under *Small v. Camden County*, 728 F.3d 265 (3d Cir. 2013). The Order further allowed the parties opportunity to supplement the record with any evidence relevant to the issue of exhaustion. The parties elected not to make any submissions.

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 12(d) provides in part as follows:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(b)(d).

Here this Court will not exclude the evidentiary materials accompanying the Defendants' respective pending dispositive motions. Moreover, this Court has already issued an Order granting the parties leave to supplement the record with

any factual evidence regarding the issue of exhaustion. Thus, the motions will be treated as seeking summary judgment. *See Latham v. United States*, 306 Fed. Appx. 716, 718 (3d Cir. 2009).

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *See also Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. *Id.* at 248. A court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *Saldana*, 260 F.3d at 232; *see also Reeder v. Sybron Transition Corp.,* 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. *Versarge v. Township of Clinton*, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its]

own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* (internal quotations omitted); *see also Saldana*, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Celotex,* 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

### B. Administrative Exhaustion

Defendants similarly argue that since Owens failed to properly exhaust his administrative remedies prior to the initiation of this action, his claims should not be allowed to proceed. *See* Doc. 21. Specifically it is argued that Owens did not pursue any administrative remedies regarding his pending claims until after this matter was filed. Since exhaustion of administrative remedies must occur prior to the filing of a federal lawsuit, Defendants contend that Plaintiff's action is precluded from consideration.

Section 1997e(a) of title 42 U.S.C. provides:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under that provision, administrative exhaustion is required in "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2001). Claims for monetary relief are not excused from the exhaustion requirement. *Nyhuis v. Reno*, 204 F.3d 65, 74 (3d Cir. 2000). Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action. *Ahmed v. Sromovski*, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000). "[E]xhaustion must occur prior to filing suit, not while the suit is pending." *Tribe v. Harvey*, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999)); *Oriakhi v. United States*, 165 Fed. Appx. 991, 993 (3d Cir. 2006).

An inmate is not required to specifically plead or demonstrate exhaustion in his or her complaint. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *see also Ray v. Kertes*, 285 F.3d 287 (3d Cir. 2002)(a prisoner does not have to allege in his complaint that he has exhausted administrative remedies). Rather, pursuant to the standards announced in *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997), it is the burden of a defendant asserting the defense of non-exhaustion to plead and

prove it.[1]  The Supreme Court of the United States in *Jones* noted that the primary purpose of the exhaustion requirement is to allow prison officials to address complaints before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record.

The administrative exhaustion mandate also implies a procedural default component.  *Spruill v. Gillis,* 372 F.3d 218, 222 (3d Cir. 2004).  As explained by the United States Court of Appeals for the Third Circuit, a procedural default rule "prevents an end-run around the exhaustion requirement." *Id*. at 230.  It also ensures "prisoner compliance with the specific requirements of the grievance system" and encourages inmates to pursue their administrative grievances "to the fullest." *Id*.  Similarly, the Supreme Court has observed that proper exhaustion of available administrative remedies is mandatory, meaning that prisoners must comply with the grievance system's procedural rules, including time limitations.  *Woodford v. Ngo*, 548 U.S. 81 (2006).

Furthermore,  the Third Circuit has recognized that "[t]here is no futility exception" to the exhaustion requirement.  *Brown v. Croak*, 312 F.3d 109, 112 (3d Cir. 2002) (citing *Nyhuis*, 204 F.3d at 75).  A subsequent decision reiterated the no

---

[1] In *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003), the United States Court of Appeals for the Third Circuit similarly stated that "[f]ailure to exhaust administrative remedies is an affirmative defense for the defendant to plead."

futility exception by rejecting an inmate's argument that exhaustion should be excused because prisoner grievances were regularly rejected. *Hill v. Smith*, 186 Fed. Appx. 271, 274 (3d Cir. 2006). "[S]ensitive subject matter or 'fear of retaliation' as a basis for excusing a prisoner's failure to exhaust" have also been rejected. *Pena-Ruiz v. Solorzano*, 281 Fed. Appx. 110, 113 (3d Cir. 2008).

A Consolidated Inmate Grievance Review System has been established by the Pennsylvania Department of Corrections ("DOC").[2] A copy of the policy has been submitted in support of the Defendants' non-exhaustion argument. Section III of DC-ADM 804 (effective April 27, 2015) states that "every individual committed to its custody shall have access to a formal procedure through which to seek resolution of problems or other issues of concern arising during the course of confinement." *See* Doc. 21-2, p. 2. The formal procedure is known as the Inmate Grievance System and provides a forum of review and two (2) avenues of appeal. Section I ("Grievances & Initial Review") of DC-ADM 804 provides that, after attempted informal resolution of the problem, a written grievance may be submitted to the Facility Grievance Coordinator within fifteen (15) working days after the events upon which the claims are based but allowances of extensions of time will be granted under certain circumstances. A rejected grievance may be

---

[2] While the DOC's grievance system has been periodically amended, the three tiered appeal system was in effect throughout the relevant period of Plaintiff's SCI-Huntingdon confinement.

resubmitted within five (5) working days of the rejection notice date.

An appeal from the Grievance Coordinator's Initial Review decision may be made in writing within fifteen (15) working days to the Facility Manager or designee. A final written appeal may be presented within fifteen (15) working days to the Secretary's Office of Inmate Grievances and Appeals (SOIGA). A prisoner, in seeking review through the DOC grievance system, may include reasonable requests for compensation or other legal relief normally available from a court. However, an improperly submitted grievance will not be reviewed.

Defendant Shiptoski notes that during the relevant time period Owens fully exhausted only a single administrative grievance. Plaintiff's exhausted grievance regarded a 2015 denial by a non-defendant SCI-Mahanoy official of an earlier disability accommodation request. The completely unrelated disability accommodation request by Owens requested the use of a cane, access to fitness equipment, physical therapy, and use of a back brace, double mattress, and pillow. *See* Doc. 22-3, p. 19.

Corrections Defendants note that this matter was filed on September 14, 2017. They add that although Plaintiff filed two grievances regarding the underlying denial of a disability accommodation request, those grievances were not filed until October 3, 2017, weeks after the initiation of this action. Moreover, as of the filing of their dispositive motion, Corrections Defendants note that those

two grievances had not yet been administratively exhausted. In support of their non-exhaustion argument, Defendants have submitted copies of the relevant grievances and related documents.

It is further noted that the Complaint is silent with respect to the issue of exhaustion of administrative remedies. Owens has also not filed a response to either of the pending dispositive motions and he has not otherwise disputed the non-exhaustion argument.

The undisputed record here establishes first that the DOC had an established grievance procedure in place during the relevant time period. Second, Owens was aware of that procedure and that the appeal of a denial of a disability accommodation request could be pursued under the DOC's administrative grievance system. Furthermore, he failed to initiate an administrative grievance relating to any of his pending claims against the Defendants until after this matter was filed. The Defendants' undisputed evidence satisfies their burden of establishing that Owens did not properly exhaust his available DOC administrative remedy prior to initiating this action as contemplated under *Tribe*, *Freeman,* and *Oriakhi*. Rather, the Plaintiff elected to deliberately bypass the DOC's administrative review system by filing this action without first attempting to pursue administrative relief.

## III. CONCLUSION

Based upon those factors as well as Plaintiff's failure to provide a viable reason to excuse his failure to exhaust or to even respond to the Defendants' pending motions, a finding of non-exhaustion and entry of summary judgment in favor of the Defendants under the well-settled *Spruill* and *Woodford* standards is appropriate. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge